812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon E. RODMAN, Plaintiff-Appellant,
v.
Ron FORREST; A.L. Hamberger; Jerry L. Tolson; Linda
Zeches; Richard P. Seiter; Steven M. Dorsey;
Gay Reynolds, Defendants-Appellees.
 No. 86-3148.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1987.
 
 Before ENGEL, KRUPANSKY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals pro se from the district court's judgment dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At the time he filed his complaint, the plaintiff was a prisoner at the Hocking Correctional Facility in Nelsonville, Ohio. The defendants are prison officials. The complaint alleges that at one time prison officials paid the postage for the plaintiff's legal mail. Subsequently, they required the plaintiff to pay his own postage. The plaintiff alleges that this requirement denied his right of access to the courts. He requests over $25,000.00 in compensatory damages and $1,000,000.00 in punitive damages.
 
 
 3
 The defendants filed a motion to dismiss arguing that their actions were taken under the consent decree in Cox v. Patterson, Case No. C-2-75-661 (S.D.Ohio June 28, 1978). That decree required the prison officials to pay the postage on legal mail of any inmate whose prison account fell below $5.00. Because the plaintiff's prison account was not that low, he was required to pay his own postage.
 
 
 4
 The district court held that the defendants' actions were proper under Cox. The court also held that the plaintiff had failed to show a specific denial of his right of access to the courts. We agree with these conclusions of the district court.
 
 
 5
 The consent decree in Cox was approved by the district court in Deavors v. Denton, Case No. C-1-82-1408 (S.D.Ohio September 10, 1985). This Court affirmed the decision in an unpublished order. Deavors v. Denton, Case No. 85-3857 (6th Cir. March 11, 1986). We concur with the prior holding of this Court.
 
 
 6
 Moreover, the general rule is that the plaintiff must show actual injury in the form of an instance where the plaintiff was denied access to a court in order to state a claim. Kershner v. Mazurkiewicz, 760 F.2d 440, 444-45 (3rd Cir.1982) (en banc ); Hudson v. Robinson, 678 F.2d 462, 466 (3rd Cir.1982); Mann v. Smith, 796 F.2d 79, 84 (5th Cir.1986). Because the plaintiff has failed to allege any specific facts showing a denial of his right of access to a state or federal court, the district court was correct to dismiss this case.
 
 
 7
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.